Ex parte G. C. WOOD.

No. A-8863.    March 8, 1935.
(42 Pac. [2d] 289.)

G. C. Wood, in pro. per.

Mac Q. Williamson, Atty. Gen., and Owen Watts, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   This is an original petition filed by G. C. Wood, petitioner, in which he alleges he is restrained wrongfully and unlawfully of his liberty by the warden of the state penitentiary at McAlester, and has been unlawfully restrained since the 25th day of September, 1933; that the cause of his unlawful imprisonment is that the warden holds a commitment from the district court of Tulsa county, sentencing the petitioner to a term in the state penitentiary, which commitment entitles the warden to hold him in prison until about the 24th day of September, 1940.   The petitioner states he has demanded his release and discharge, and his demand has been refused.   He further alleges that his imprisonment is contrary to the statutory laws of the state of Oklahoma and the Constitution.

Petitioner further states that this petitioner should have been sentenced under section 2287, C. O. S. 1921, now section 1769, O. S. 1931, but that he was sentenced under section 2125, O. S. 1931, which statute provides:

"Every person who sells, exchanges or delivers for any consideration any forged or counterfeited promissory note, check, bill, draft, or other evidence of debt, or engagement for the payment of money absolutely, or upon any contingency, knowing the same to be forged or counterfeited, with intent to have the same uttered or passed, or who offers any such note or other instrument for sale, exchange or delivery for any consideration, with the like knowledge and intent, or who receives any such note or other instrument upon a sale, exchange or delivery for any consideration with the like knowledge and intent, is guilty of forgery in the second degree."

Section 2146, O. S. 1931, for forgery in the second degree, provides for imprisonment in the penitentiary not exceeding seven years.

The inquiry in this case is limited as to whether the court in which the petitioner was convicted and sentenced had jurisdiction of the person of the defendant and the crime charged, and whether or not the court imposed a sentence under the proper section of the statute. We find the court had jurisdiction of the person of the petitioner and the subject-matter, and had power to convict and sentence the petitioner under section 2125, O. S. 1931.

After a careful consideration of the record before us, we hold the petitioner is not entitled to the relief prayed for. The writ is denied.

EDWARDS and DOYLE, JJ., concur.